# UNITED STATES DISTRICT COURT
for the
Western District of North Carolina

| | |
|---|---|
| In the Matter of the Search of<br>*(Briefly describe the property to be searched<br>or identify the person by name and address)*<br><br>393 MARK FREEMAN RD., HENDERSONVILLE, NC 28792 AND ANY VEHICLES, OUTBUILDINGS APPURTENANCES AND CURTILAGE | )<br>)<br>) Case No. 1:18 mj 64<br>)<br>)<br>) |

## SEARCH AND SEIZURE WARRANT

To:   Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search of the following person or property located in the _____Western_____ District of _____North Carolina_____
*(identify the person or describe the property to be searched and give its location)*:

See Attachment A

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal *(identify the person or describe the property to be seized)*:

See Attachment B

**YOU ARE COMMANDED** to execute this warrant on or before _June 20, 2018_ *(not to exceed 14 days)*
☑ in the daytime 6:00 a.m. to 10:00 p.m.   ☐ at any time in the day or night because good cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to _____Dennis L. Howell, U.S. Magistrate Judge_____.
*(United States Magistrate Judge)*

☐ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*
☐ for _____ days *(not to exceed 30)*   ☐ until, the facts justifying, the later specific date of _____.

Date and time issued: _June 6, 2018 at 2:59 pm_    _Dennis E. Howell_
                                                                                   *Judge's signature*

City and state:   _Asheville, North Carolina_      _Dennis L. Howell, U.S. Magistrate Judge_
                                                                            *Printed name and title*
                                                         _Western District of North Carolina_

| Return |||
|---|---|---|
| Case No.: | Date and time warrant executed: | Copy of warrant and inventory left with: |
| Inventory made in the presence of : |||
| Inventory of the property taken and name of any person(s) seized: |||

### Certification

I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge.


Date: _____                                   _____
                                                                                *Executing officer's signature*

                                                                            _____
                                                                                    *Printed name and title*

## PLACE TO BE SEARCHED:
## ATTACHMENT "A"

This affidavit is in support of an application for a warrant to search the residence at **393 Mark Freeman Rd., Hendersonville, North Carolina 28792**, as well as any vehicles (including motorhomes, "RVs," campers, trailers, etc), outbuilding, appurtenances, and curtilage associated with the property. The residence is a single-story ranch style home with an attached garage. The exterior of the residence is constructed of off white vinyl siding with a brown architectural shingle rooftop. The exterior windows are white trimmed with gray shutters. The numbers 393 are in black posted on the exterior of the residence to the left of the garage door opening. A photograph of the home was taken on May 3, 2018 and is shown below.



1

# ATTACHMENT B

1. All records relating to violations of 18 U.S.C. § 2252A(a)(1), (a)(2), or (a)(5)(B) in any form wherever they may be stored or found at 393 Mark Freeman Rd., Hendersonville, North Carolina 28792, including:

    a. records and visual depictions of minors engaged in sexually explicit conduct as defined in 18 U.S.C. § 2256;

    b. records or information pertaining to an interest in child pornography;

    c. records or information pertaining to the possession, receipt, or distribution of visual depictions of minors engaged in sexually explicit conduct, as defined in 18 U.S.C. § 2256;

    d. records or information of and relating to visual depictions that have been created, adapted, or modified to appear that an identifiable minor is engaging in sexually explicit conduct as defined in 18 U.S.C. § 2256, including the record or information used to create the visual depiction;

    e. records or information pertaining to peer-to-peer file sharing;

    f. photo editing software and records or information relating to photo editing software;

    g. records or information relating to the occupancy or ownership of at 393 Mark Freeman Rd., Hendersonville, North Carolina 28792, including, but not limited to, utility and telephone bills, mail envelopes, and correspondence.

2. Any computers or electronic media that were or may have been used as a means to commit the offenses described on the warrant, including the receipt, possession, distribution, or transportation of child pornography in violation of Title 18, United States Code, Section 2252A(a)(1), (a)(2), or (a)(5)(B).

3. For any computer or storage medium whose seizure is otherwise authorized by this warrant, and any computer or storage medium that contains or in which is stored records or information that is otherwise called for by this warrant (hereinafter, "COMPUTER"):

a. evidence of who used, owned, or controlled the COMPUTER at the time the things described in this warrant were created, edited, or deleted, such as logs, registry entries, configuration files, saved usernames and passwords, documents, browsing history, user profiles, email, email contacts, "chat," instant messaging logs, photographs, and correspondence;

b. evidence of software that would allow others to control the COMPUTER, such as viruses, Trojan horses, and other forms of malicious software, as well as evidence of the presence or absence of security software designed to detect malicious software;

c. evidence of the lack of such malicious software;

d. evidence indicating how and when the computer was accessed or used to determine the chronological context of computer access, use, and events relating to crime under investigation and to the computer user;

e. evidence indicating the computer user's state of mind as it relates to the crime under investigation;

f. evidence of the attachment to the COMPUTER of other storage devices or similar containers for electronic evidence;

g. evidence of counter-forensic programs (and associated data) that are designed to eliminate data from the COMPUTER;

h. evidence of the times the COMPUTER was used;

i. passwords, encryption keys, and other access devices that may be necessary to access the COMPUTER;

j. documentation and manuals that may be necessary to access the COMPUTER or to conduct a forensic examination of the COMPUTER;

k. contextual information necessary to understand the evidence described in this attachment.

4. Records and things evidencing the use of the internet, including:

a. routers, modems, servers, and network equipment used to connect computers to the Internet;

b. records of Internet Protocol addresses used;

      c.      records of Internet activity, including firewall logs, caches, browser history and cookies, "bookmarked" or "favorite" web pages, search terms that the user entered into any Internet search engine, and records of user-typed web addresses.

As used above, the terms "records" and "information" include all of the foregoing items of evidence in whatever form and by whatever means they may have been created or stored, including any form of computer or electronic storage (such as hard disks or other media that can store data); any handmade form (such as writing, drawing, painting); any mechanical form (such as printing or typing); and any photographic form (such as microfilm, microfiche, prints, slides, negatives, videotapes, motion pictures, or photocopies).

The term "computer" includes all types of electronic, magnetic, optical, electrochemical, or other high-speed data processing devices performing logical, arithmetic, or storage functions, including desktop computers, notebook computers, mobile phones, smart phones, tablets, gaming systems, server computers, and network hardware.

The term "storage medium" includes any physical object upon which computer data can be recorded. Examples include hard disks, RAM, floppy disks, flash memory, CD-ROMs, DVDs, USB drives, thumb drives, SD cards, memory cards of any sort, and other magnetic or optical media.